# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10204

United States Court of Appeals
Fifth Circuit

**FILED**

September 8, 2014

Lyle W. Cayce
Clerk

DANIEL GRUENFELDER,

Plaintiff-Appellant

v.

APRIL SMITH, Court Investigator, Dallas County Courts; SUSAN HAWK, 291st District Judge, Dallas County Courts; CRAIG WATKINS, District Attorney,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-2399

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Daniel Gruenfelder, Texas prisoner # 1076538, moves for authorization to proceed in forma pauperis (IFP) in his appeal of the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous. His IFP motion is construed as a challenge to the district court's certification determination that his appeal

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Gruenfelder does not address the district court's reasons for its certification decision in his IFP motion or brief. Rather, his IFP motion and supporting brief address only his financial eligibility for IFP status. Thus, he has abandoned any challenge to the district court's certification decision, *see Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987), and has failed to show that his appeal "involves legal points arguable on their merits (and therefore not frivolous)," *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Accordingly, because he has failed to show that the appeal has merit, his appeal is dismissed as frivolous. *See Howard*, 707 F.2d at 219-220; 5TH CIR. R. 42.2.

The district court's dismissal of Gruenfelder's § 1983 complaint as frivolous and this court's dismissal of his appeal as frivolous both count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Gruenfelder is cautioned that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IT IS ORDERED that Gruenfelder's motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous.